UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Alonzo Brinkley, II, aka *Alonzo R Brinkley, II*, | ) C/A No.: 6:10-1529-JFA-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Jon Ozmint, in his capacity as Director of the South Carolina Department of Corrections, | ) |
| Respondent. | ) |

Petitioner, through counsel, files this matter pursuant to 28 U.S.C. § 2254 naming Jon Ozmint as a respondent.[1] Petitioner is attacking his November 30, 2000 convictions and sentences for armed robbery, two counts of assault and battery of a high and aggravated nature, possession of a stolen motor vehicle, possession of a firearm during a violent crime, failure to stop for a blue light, resisting arrest, and carrying a pistol unlawfully.

In a prior habeas petition filed in this District, the petitioner challenged the same convictions and sentences. *See Brinkley v. Ozmint*, Civil Action No.: 6:08-308-JFA-WMC (D.S.C. 2008). In that matter, it was established that the petitioner had exhausted his state remedies, however, petitioner's claim was found to be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Additionally, the court did not find any showing by petitioner that would entitle him to equitable tolling. Instead, the court found that the petitioner's first state post-conviction relief (PCR) action was filed on October 22, 2002. At that point, 141 days of non-tolled time had run since June 3, 2002.

---

[1] A prisoner's custodian, such as the warden of the institution where a petitioner is incarcerated, is the only proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

1

Proceedings in the state PCR action concluded on May 24, 2007 when the South Carolina Court of Appeals sent the remittitur to the York County Clerk of Court. On that date, the statutory tolling for the state PCR concluded and the AEDPA statute of limitations began to run again. The petitioner filed his prior habeas action through counsel on January 30, 2008, 251 days after the state PCR proceedings concluded and 392 days after the state court conviction became final, which was beyond the applicable AEDPA limitations period. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Petitioner now files this second petition for writ of habeas corpus attacking the same convictions and sentences.

Under established local procedure in this judicial district, a careful review has been made of the petition pursuant to the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 117 S. Ct. 2059 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). *See Williams v. Taylor*, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

Furthermore, with respect to petitioner's convictions and sentences, a petitioner's writ of habeas corpus under 28 U.S.C. § 2254 can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner appears to have exhausted his state court remedies, his claims have already been presented to this court.

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. *See Brinkley v. Ozmint*, Civil Action No.: 6:08-308-JFA-WMC (D.S.C. 2008). As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule

3

9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 487-98 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996).

Additionally, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[2]

---

[2]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> "(ii) the facts underlying the claim, if proven and viewed in

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

July 12, 2010                                             s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

***The petitioner's attention is directed to the important notice on the next page.***

---

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).